Prob 12 (10/09)
VAE (rev. 5/17)



# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Frank E. Fisher      Docket No. 2:09CR00037-001

### Petition on Probation or Supervised Release   19-1250M

COMES NOW P. Jason Bissette, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Frank E. Fisher, who was placed on supervision by The Honorable Rebecca Beach Smith, United States District Judge sitting in the Court at Norfolk, Virginia, on the 28th day of October, 2009*, who fixed the period of supervision at LIFE, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2.

*Supervision began February 2, 2018, in the Western District of Pennsylvania.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a WARRANT to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

Bond Recommendation: Detention

**ORDER OF COURT**

Considered and ordered this 22nd day of May, 2018 and ordered filed and made a part of the records in the above case.

/s/
Rebecca Beach Smith
United States District Judge

Rebecca Beach Smith
United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: 5-21-19

P. Jason Bissette
Senior U.S. Probation Officer
Newport News, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
Page 2
RE: FISHER, Frank E.

OFFENSE:

Possession of Child Pornography (Class C Felony).

SENTENCE:

One-hundred twenty (120) months imprisonment; Life supervised release; and, a $100.00 special assessment.

SPECIAL CONDITIONS:

1. The defendant shall participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders, with partial costs to be paid by the defendant, all as directed by the probation officer.
2. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment in order to allow the release of information to the United State Probation Office and authorize communication between the probation officer and the treatment provide.
3. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, as directed by the probation officer.
4. The defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any internet service providers, bulletin boards systems, or any other public or private computer network.
5. The defendant shall not accept any paid or volunteer positions involving children.
6. The defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using juvenile models or pictures of juveniles.
7. The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.
8. If allowed to possess or use a computer, the defendant shall comply with the requirement of the computer monitoring program as administered by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify other of the existence of the monitoring software. The defendant shall no remove, tamper, with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.
9. The defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition, including but not limited to, credit card bills, telephone bills, and cable/satellite television bills.
10. During the term of supervision, the defendant shall not possess or utilize video gaming systems, console, or other such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant.
11. The court does not deny federal benefits because it is not applicable.

**Petition on Supervised Release**
**Page 3**
**RE: FISHER, Frank E.**

ADJUSTMENT TO SUPERVISION:

On February 2, 2018, Fisher was released from imprisonment to begin his term of supervised release with the U.S. Probation Office, Erie, Pennsylvania located within the Western District of Pennsylvania (WD/PA). Fisher's assigned U.S. Probation Officer for the WD/PA reviewed the conditions of supervision within the Judgment and Commitment Order on February 2, 2018. On March 11, 2011, the $100.00 special assessment was paid while in custody.

On March 22, 2018, Fisher completed a Psychosexual Evaluation with Clover Psychological Association, New Castle, Pennsylvania. Patterson was recommended for individual and group sex offender treatment; ABEL Assessment for Sexual Interest; and polygraph testing. According to the WD/PA Fisher has attended all required treatment sessions. However, Fisher was initially resistant to the sex offender treatment process. Fisher's participation and disclosure appeared to improve as treatment moved forward. However, his inability to comply with his supervision conditions questions whether he is moving forwarded with the treatment process. Fisher continues with his treatment at this time.

Currently, Fisher resides in New Castle, Pennsylvania with his wife and is enrolled in full-time skills training at the New Castle School for Trades.

VIOLATIONS:

The following violations are submitted for the Court's consideration:

**SPECIAL CONDITION 4:** THE DEFENDANT SHALL NOT POSSESS OR USE A COMPUTER TO ACCESS ANY ONLINE COMPUTER SERVICES AT ANY LOCATION, INCLUDING EMPLOYMENT, WITHOUT THE PRIOR APPROVAL OF THE PROBATION OFFICER. THIS INCLUDES INTERNET SERVICE PROVIDERS, BULLETIN BOARD SYSTEMS, OR ANY OTHER PUBLIC OR PRIVATE COMPUTER NETWORK.

On February 2, 2018, during his initial supervision interview with his probation officer with the WD/PA, U.S. Probation Office, Erie, Pennsylvania, Fisher was directed reference his restrictions from possessing any computer device capable of accessing the internet. On February 22, 2018; April 26, 2018; May 15, 2018; March 25, 2019; April 8, 2019; and April 18, 2019, Fisher admitted to or was found in possession of internet capable devices.

On February 22, 2018 and April 26, 2018, during home visits Fisher's probation officer made contact with him and found him to be in possession of a cell phone capable of accessing the internet. During each contact Fisher was directed to not have possession of any device that could access the internet without prior permission.

On May 15, 2018, during a polygraph examination, Fisher disclosed during the pretest interview to accessing the internet to view pornography through the website pornhub.com.

On March 25, 2019, during a home visit Fisher's probation officer observed a Window's based tablet on his kitchen table capable of connecting to the internet. Fisher was again instructed by his probation officer that he

**Petition on Supervised Release**
Page 4
RE: FISHER, Frank E.

cannot have access to the internet without prior permission.

On April 8, 2019, during a polygraph examination, Fisher disclosed during the pretest interview to watching music videos on his cell phone and showed the polygraph examiner a video of "Weird Al" on his cell phone.

On April 18, 2019, contact was made with Fisher by his probation officer at which time he was found in possession of the above referenced internet capable devices, a LG Smartphone and a Samsung Galaxy tablet. Both devices were later confiscated by the U.S. Probation office for the WD/PA.

During administration of polygraph examinations on May 15, 2018 and November 23, 2018, Fisher disclosed during the pretest interview to having an electronic tablet that he occasionally used to access internet Wi-Fi at restaurants while in the Pittsburgh, Pennsylvania area while attending school. Fisher also admitted to using the tablet to search the internet for music, access Pinterest, and to do research regarding his school. Fisher further admitted to using the internet at the New Castle Public Library, New Castle, Pennsylvania. During Fisher's sex offender treatment sessions with Clover Psychological Association, New Castle, Pennsylvania in April 2018, he admitted to using computers at a local library. Additionally, in December 2018, during treatment sessions Fisher admitted to accessing the internet unsupervised. It is noted that per Fisher's probation officer for the WD/PA, he was allowed only to the use the reference tablet at school and for purposes related to school.

**SPECIAL CONDITION 6: THE DEFENDANT SHALL NOT HAVE ANY ACCESS TO OR POSSESS ANY PORNOGRAPHIC MATERIAL OR PICTURES DISPLAYING NUDITY OR ANY MAGAZINES USING JUVENILE MODELS OR PICTURES OF JUVENILES.**

On February 2, 2018, during his initial supervision interview with his probation officer with the WD/PA, U.S. Probation Office, Erie, Pennsylvania, Fisher was directed reference his restrictions from accessing or possessing any pornographic materials. During administration of a polygraph examination on May 15, 2018, Fisher disclosed during the pretest interview to using pornography for masturbation. Fisher admitted finding a pornographic VHS recording at his home and watched it two times for masturbation purposes. Fisher admitted he used the VHS recording three to four weeks prior to the examination. Fisher also admitted that he viewed pornography for masturbation on the pornographic website pornhub.com at the rate of one to two times per month. Fisher advised he last utilized the website approximately one month prior to the examination.

**SPECIAL CONDITION 7: THE DEFENDANT SHALL HAVE NO CONTACT WITH MINORS UNLESS SUPERVISED BY A COMPETENT, INFORMED ADULT, APPROVED IN ADVANCE BY THE PROBATION OFFICER.**

On February 2, 2018, during his initial supervision interview with his probation officer with the WD/PA, U.S. Probation Office, Erie, Pennsylvania, Fisher was directed reference having no contact with minors. During administration of a polygraph examination on May 15, 2018, Fisher disclosed during the pretest interview to unapproved contact with his 3-year-old granddaughter. Fisher explained his daughter helped take care of his ill wife and at times would bring her daughter to their home. Fisher admitted to continued contacts with his granddaughter. Fisher admitted that on May 8, 2018, his granddaughter was at his home for his wife's birthday. Further, Fisher admitted visiting his aunt's home in early April 2018, where there were children present. During sex offender treatment sessions in April 2018, with Clover Psychological Fisher reported being around his grandchildren on a couple of occasions despite knowing he was not permitted to do so.

**Petition on Supervised Release**
**Page 5**
**RE: FISHER, Frank E.**

During administration of a polygraph examination on May 15, 2019, Fisher disclosed during the pretest interview that the previous week he was walking his dog in his neighborhood. Two juvenile girls, approximately seven or eight years old approached him to pet his dog and the dog jerk the leash out of his hands and ran free. One of the juvenile girls caught the dog and returned it to Fisher. Fisher felt he should reward the juvenile girls by stopping at a local market to buy ice cream bars for them. Fisher returned to the juvenile girls home and gave them the ice cream bars with their mother present. Fisher never report the encounter to his probation officer.

During administration of a polygraph examination on November 23, 2018, Fisher again disclosed during the pretest interview to unapproved contact with his four juvenile grandchildren. Fisher admitted having contact with them on Thanksgiving Day 2018, for several hours. In December 2018, during sex offender treatment sessions, Fisher reported contact with his grandchildren on various occasions, including Thanksgiving Day 2018. Fisher reported that on Saturdays his daughter comes to his residence to care for his wife. His daughter comes there with her three juvenile children as her husband works. Fisher reported he has tried to leave but still has contact with them. Also, Fisher also reported on two occasions his sister-in-law stopped by his home with her juvenile grandson to visit his wife.

PJB/pjb